**BINGHAM**

Michael D. Blanchard
Direct Phone: +860.240.2945
michael.blanchard@bingham.com

October 31, 2014

<u>VIA ECF</u>

The Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re:   *Doe v. Oppenheimer Asset Management, Inc., et al.*
        Case No.: 1:14-cv-779 (VEC)

Dear Judge Caproni:

This letter is respectfully submitted on behalf of Oppenheimer Asset Management, Inc., Oppenheimer & Company, Inc. and Jack McGuire (the "Defendants") in advance of the Court's teleconference to be held Monday, November 3, at 11:00 a.m.

<u>Discovery Plaintiff Refuses</u>

(1)  Plaintiff refuses to provide discovery, or agree to any third party discovery which may "reveal the Plaintiff's identity" in violation of pseudonymity.  As briefed in Defendants' Motion to Remove Pseudonym: (i) Plaintiff has not satisfied his burden for proceeding pseudonymously as a matter of law; and (ii) even if he had, the prejudice to Defendants in obtaining discovery necessary for its defenses and to-be filed counterclaim vitiates pseudonymity.  Defendants are entitled to seek discovery which may lead to admissible evidence regarding mitigation of damages from Plaintiff's subsequent employers.  Despite Defendants' attempt to do so using the confidentiality order, which Plaintiff expressly represented to the Court (in his *ex parte* motion for pseudonymity) would provide a means of avoiding prejudice *via* the pseudonym, Plaintiff has refused.  Defendants are also entitled to discovery from Plaintiff and third parties in connection with other defenses to Plaintiff's claim of retaliation.  Defendants maintain that the "retaliation" – offering a comparable position – was not because Plaintiff "blew the whistle" but because, in part, Plaintiff appeared to have been engaging in misuse of confidential information to trade securities away from Oppenheimer (although Defendants could not be certain at the time).  The third party discovery from Plaintiff's subsequent employer, which has sued Plaintiff for trading in the same securities and for which it appears Plaintiff had prepared while at Oppenheimer, is relevant and could lead to admissible evidence.  (It will also be relevant to a counterclaim.)  In addition, discovery from that employer will likely generate admissible evidence (FRE 404(b)), or grounds for cross examination (FRE 608(b)), concerning Plaintiff's untruthfulness.  As there is nothing to substantiate Plaintiff's claim that he "blew the whistle" internally

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178

T +1.860.240.2700
F +1.860.240.2800
bingham.com

A/76501423.1

The Honorable Valerie E. Caproni
October 31, 2014
Page 2

before his "termination" other than his say-so, Plaintiff's credibility, or lack thereof, is central to this case.  Apart from arguing that his interests in pseudonymity trump Defendants' rights to assert a defense or counterclaim, Plaintiff's response is that such evidence would be inadmissible.  Plaintiff is wrong, but in any case, theoretical admissibility is not an issue on this motion – there will be time for motions *in limine* later.  This is no grounds to block Defendants from seeking discovery now.[1]

(2)  Plaintiff also objects to all of Defendants' interrogatories on the grounds that they seek more than the minimum information permitted by Local Rule 33.3(a) at the outset of discovery.  Defendants asked Plaintiff to identify the date he became aware of purported securities violations, the date he reported to the SEC, the date he purportedly "blew the whistle" internally, the date he learned Williamson was leaving Oppenheimer (and thus his job, an additional non-retaliatory reason his position was changed), his history of trading away from Oppenheimer, other matters regarding his allegations and identification of any criminal or investigative history he has been subject to.[2]  Plaintiff refuses to answer any of these interrogatories on the ground that Local Rule 33.3(a) only permits such interrogatories in the end stages of discovery.  Discovery is closing February 15.  The interrogatories should be answered now.

**Plaintiff's Discovery Concerns**

Defendants produced hard copy documents responsive to Plaintiff's requests in May, and, after Plaintiff failed to respond to proposals for email search terms and custodians over most the summer, finally the parties discussed and reached an initial agreement on terms and custodians on September 30, 2014.[3]  Defendants have collected electronic discovery, are reviewing it and anticipate beginning production next week.  Defendants understand that Plaintiff's discovery concerns now relate largely to the time period for searches and substantively, whether discovery concerning the underlying purported securities violations (*i.e.*, a request for the entire investigative production to the SEC) is relevant.  In brief: (i) the alleged harassment and retaliation occurred in April-June, 2011 and Plaintiff had abandoned employment by July – relevant time periods should not extend beyond 2011; and (ii) whether Plaintiff's report to the SEC involved actual securities violations is irrelevant to whether he is protected from retaliation, and the entirety of Oppenheimer's regulatory production will obviously include vast materials of no relevance to anything.[4]

---

[1] At issue is Defendants' first request for production, request numbers 18, 19 and 22 (attached hereto as Ex. A), second set of requests in their entirety (attached hereto as Ex. B), and the third party discovery that appears as attachments to Exhibit E to the Declaration of Colleen O'Loughlin in Support of Motion to Remove Pseudonym (Docket No. 50).  Plaintiff has not moved to quash the third party discovery.  However, Defendants refrained from serving it until the pseudonym issues are sorted out.

[2] *See* Plaintiff's Response to Interrog. Nos. 1-3, 5-9, 13 (attached hereto as Ex. C).

[3] *See* Email Search Term Summary (attached hereto as Ex. D).

[4] *See* August 8, 2014 letter, attached hereto as Ex. E.

The Honorable Valerie E. Caproni
October 31, 2014
Page 3


Respectfully,

/s/ Michael D. Blanchard

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

              Plaintiff,

     vs.

OPPENHEIMER ASSET MANAGEMENT, INC., OPPENHEIMER & CO., INC., BRIAN WILLIAMSON and JOHN T. McGUIRE,

              Defendants.

Civil Action No.:  1:14-cv-00779-VEC

---

## THE OPPENHEIMER DEFENDANTS'
## FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendants Oppenheimer Asset Management, Inc. ("OAM"), Oppenheimer & Co., Inc. ("OPCO"), and John T. McGuire (collectively, the "Oppenheimer Defendants"), by their attorneys, Bingham McCutchen LLP, request that Plaintiff John Doe respond to the following requests for production within thirty (30) days as required under the Federal Rules and produce responsive documents to the offices of Bingham McCutchen LLP.

## DEFINITIONS

1.     The Oppenheimer Defendants hereby incorporate by reference the definitions contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

2.     The term "Amended Complaint" means the Amended Complaint, dated August 15, 2014, filed and served by Plaintiff in this action.

## INSTRUCTIONS

1.       All terms not defined above or in Rule 26.3 of the Local Rules shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

2.       Unless otherwise specified, the time period covered by these requests is from March 1, 2011 through September 30, 2011.

3.       All documents are to be produced in accordance with:  (a) the parties' Stipulation Regarding Electronically Stored Information Protocol; and (b) the parties' Stipulation and Order for the Production and Exchange of Confidential Information, both entered on May 12, 2014.

4.       For any draft, copy or reproduction of any document responsive to any of the following requests that contains or has been revised to include any postscript, notation, change, amendment or addendum, not appearing in the document itself as originally written, typed or otherwise prepared, produce each such draft, copy or reproduction.

5.       If you withhold under a claim of privilege (including attorney work-product) any information covered by this discovery request, you must provide a privilege log in accordance with Rule 26.2 of the Local Rules.

6.       Pursuant to Rule 34(b)(2)(e) of the Federal Rules, you shall produce the documents as they are kept in the usual course of business, or you shall organize and label the documents to correspond to the categories in these requests.

7.       If Plaintiff claims a document responsive to this document request contains both privileged and non-privileged material, Plaintiff shall disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is

asserted with regard to part of the material contained in a document, Plaintiff shall clearly indicate the portions for which the privilege is claimed.

8.     The fact that a document has been or will be produced by another person shall not relieve Plaintiff of the obligation to produce the document.

9.     If a document responsive to this document request was formerly in Plaintiff's possession, custody or control and has been lost, destroyed or otherwise rendered unavailable, at the same time Plaintiff produces the documents responsive to this document request, Plaintiff shall provide a written statement which:

  a.     describes in detail the nature of the document and its contents;

  b.     identifies the person who prepared the document and, if applicable, the persons to whom the document was sent;

  c.     specifies the date on which the document was prepared or transmitted; and

  d.     specifies the date on which the document was lost, destroyed or made unavailable, and, if destroyed, the reason for such destruction and/or the persons requesting and/or performing such destruction.

10.     If Plaintiff objects to any request below or any part thereof, Plaintiff shall identify the request or part thereof to which Plaintiff objects, state with specificity all grounds for the objection and respond to any portion of the request to which Plaintiff does not object.

11.     If Plaintiff objects to any request below on the grounds that the request is ambiguous, vague, overbroad or unduly burdensome, Plaintiff shall produce documents responsive to that request as understood or narrowed to the least extent necessary, in Plaintiff's judgment, to render that request not overbroad or unduly burdensome, and Plaintiff shall state specifically Plaintiff's understanding of that request and/or the extent to which Plaintiff has narrowed that request for purposes of Plaintiff's response.

A/76194088.4

12.     This document request is continuing in nature.  Pursuant to Rule 26(e) of the Federal Rules, Plaintiff is required promptly to supplement or correct any response to these requests and any production made pursuant to these requests if Plaintiff learns that the response or production is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the Oppenheimer Defendants during the discovery process or in writing.

13.     The Oppenheimer Defendants reserve the right to amend, supplement and/or modify these document requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All Documents and Communications identified in, referred to, or relied on in the Amended Complaint.

**REQUEST NO. 2:**

All Documents and Communications identified in, referred to, or relied on in Sections (i)(1), (ii)(5) and (iii)(8) of Plaintiff's Initial Disclosures, dated April 1, 2014.

**REQUEST NO. 3:**

All Documents and Communications concerning your allegations in paragraph 39 of the Amended Complaint that "[a]fter his promotion to Associate Director in 2011, DOE first noticed that the methodology for valuing the Cartesian assets in the OGR Fund was different than the stated valuation policies in Oppenheimer Annual Report."

**REQUEST NO. 4:**

All Documents and Communications concerning your allegations in paragraph 42 of the Amended Complaint that "[b]elieving that Oppenheimer's Code of Conduct protected him from

retaliation, DOE voiced his objections to these deceptive valuation practices internally -- including by email to Vineet Bhalla, Chief Financial Officer of OAM.  Specifically, on or around April 2011, DOE advised Mr. Bhalla that the OGR Fund needed to use a different valuation approach in order to adhere to the Fund's stated valuation methodology in the marketing materials."

**REQUEST NO. 5:**

All Documents and Communications concerning your allegations in paragraph 43 of the Amended Complaint that "DOE also brought his concerns regarding these deceptive valuation practices to his immediate supervisor, Defendant Brian Williamson, and others in the Private Equity group. DOE also suggested that the accounting firm Deloitte Touche Tohmatsu Limited be brought in to audit the OGR Fund's financials, but his concerns continued to go unaddressed. Shortly thereafter, Defendant Williamson placed a job posting seeking applicants for DOE's position on the internet."

**REQUEST NO. 6:**

All Documents and Communications concerning your allegations in paragraph 46 of the Amended Complaint that "[a] few days later, DOE provided McGuire with additional information about the overvaluation of Fondul assets, by phone and email.  However, DOE's concerns fell upon deaf ears.  In fact, during these communications, Defendant McGuire rejected DOE's allegations out of hand and falsely accused DOE of having reached out to OAM and OPCO investors in order to steal business from his employers and violating Oppenheimer's insider trading restrictions.  Based upon this pretext. McGuire strongly advised DOE to resign, in order to save DOE the stigma of being fired for cause."

**REQUEST NO. 7:**

All Documents and Communications concerning the meeting alleged in paragraph 48 of the Amended Complaint, including any handwritten notes.

**REQUEST NO. 8:**

All Documents and Communications concerning your allegations in paragraph 49 of the Amended Complaint that "[i]n subsequent communications, McGuire offered to have DOE return to Oppenheimer in a different position.  The position offered to DOE, however, was not an offer of reinstatement as it amounted to a back office position entirely unrelated to his experience, skills and career track.  When DOE did not accept this inadequate position, McGuire terminated his employment."

**REQUEST NO. 9:**

All Documents and Communications concerning your allegations that you were "harassed," or otherwise demoted, suspended, threatened, or in any other manner discriminated or retaliated against.

**REQUEST NO. 10:**

All Documents and Communications concerning your communications with the Securities and Exchange Commission described in paragraph 52 of the Amended Complaint.

**REQUEST NO. 11:**

All Documents and Communications concerning your communications with the Massachusetts Attorney General's Office described in paragraph 54 of the Amended Complaint.

**REQUEST NO. 12:**

All Documents and Communications concerning the purported "valid and binding employment contract" alleged in paragraph 72 of the Amended Complaint.

**REQUEST NO. 13:**

All Documents and Communications supporting your request for consequential damages in paragraphs 75 and 79 of the Amended Complaint.

**REQUEST NO. 14:**

All Documents and Communications relating to your allegation that Williamson placed a job posting on the internet seeking applications for Plaintiff's position alleged in paragraph 43 of the Amended Complaint.

**REQUEST NO. 15:**

All Documents and Communications related to your transactions involving Triangle Petroleum, North American Palladium, ENRJ and Molycorp, whether executed on your own behalf or on behalf of anyone else, including REDACTED.  This Request is not limited by time period.

**REQUEST NO. 16:**

All Documents and Communications concerning the venture known as ROC Resources, including Documents and Communications relating to your potential employment and role at ROC Resources.  This Request is not limited by time period.

**REQUEST NO. 17:**

All Documents and Communications regarding your attempts to mitigate the damages or injury alleged in the Amended Complaint.  This Request is not limited by time period.

**REQUEST NO. 18:**

All Documents and Communications concerning your efforts, if any, to obtain employment from July 2011 to the present.

7

**REQUEST NO. 19:**

All Documents and Communications concerning your employment history from July 2011 through the date of this Request, including the name of your employer, title, position, compensation, and any employment contract.

**REQUEST NO. 20:**

All Documents that you intend to introduce as an exhibit at any deposition in this action.

**REQUEST NO. 21:**

All Documents that you intend to rely on at trial.

**REQUEST NO. 22:**

All Documents and Communications relating to your commission of any crimes, including any investigations, arrests, or charges relating to any criminal or potential criminal conduct.

8

Dated: August 26, 2014

BINGHAM MCCUTCHEN LLP

/s/ Michael D. Blanchard
Michael D. Blanchard
Christopher M. Wasil
One State Street
Hartford, CT  06103
(860) 240-2700
michael.blanchard@bingham.com
christopher.wasil@bingham.com

Colleen J. O'Loughlin
399 Park Avenue
New York, NY 10022
(212) 705-7000
colleen.oloughlin@bingham.com

***Attorneys for Defendants Oppenheimer Asset
Management, Inc., Oppenheimer & Co., Inc.
and John T. McGuire***

9

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

              Plaintiff,

    vs.

OPPENHEIMER ASSET MANAGEMENT, INC., OPPENHEIMER & CO., INC., BRIAN WILLIAMSON and JOHN T. McGUIRE,

              Defendants.

Civil Action No.: 1:14-cv-00779-VEC

---

### THE OPPENHEIMER DEFENDANTS'
### SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), Defendants Oppenheimer Asset Management, Inc. ("OAM"), Oppenheimer & Co., Inc. ("OPCO"), and John T. McGuire (collectively, the "Oppenheimer Defendants"), by their attorneys, Bingham McCutchen LLP, request that Plaintiff John Doe respond to the following requests for production within thirty (30) days as required under the Federal Rules and produce responsive documents to the offices of Bingham McCutchen LLP.

### DEFINITIONS

1.    The Oppenheimer Defendants hereby incorporate by reference the definitions contained in Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

2.    The " ██ Action" means the action captioned ██ REDACTED ██ ████████████████████████████████████ filed on ██ REDACTED ██ in ██ REDACTED ██.

A/76335843.2

3.      "You" means Plaintiff, John Doe, and any entity owned in whole or in part by Plaintiff, John Doe.

### INSTRUCTIONS

1.      All terms not defined above or in Rule 26.3 of the Local Rules shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

2.      All documents are to be produced in accordance with:  (a) the parties' Stipulation Regarding Electronically Stored Information Protocol; and (b) the parties' Stipulation and Order for the Production and Exchange of Confidential Information, both entered on May 12, 2014.

3.      For any draft, copy or reproduction of any document responsive to any of the following requests that contains or has been revised to include any postscript, notation, change, amendment or addendum, not appearing in the document itself as originally written, typed or otherwise prepared, produce each such draft, copy or reproduction.

4.      If you withhold under a claim of privilege (including attorney work-product) any information covered by this discovery request, you must provide a privilege log in accordance with Rule 26.2 of the Local Rules.

5.      Pursuant to Rule 34(b)(2)(e) of the Federal Rules, you shall produce the documents as they are kept in the usual course of business, or you shall organize and label the documents to correspond to the categories in these requests.

6.      If Plaintiff claims a document responsive to this document request contains both privileged and non-privileged material, Plaintiff shall disclose the non-privileged material to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is

asserted with regard to part of the material contained in a document, Plaintiff shall clearly indicate the portions for which the privilege is claimed.

7.    The fact that a document has been or will be produced by another person shall not relieve Plaintiff of the obligation to produce the document.

8.    If a document responsive to this document request was formerly in Plaintiff's possession, custody or control and has been lost, destroyed or otherwise rendered unavailable, at the same time Plaintiff produces the documents responsive to this document request, Plaintiff shall provide a written statement which:

      a.    describes in detail the nature of the document and its contents;

      b.    identifies the person who prepared the document and, if applicable, the persons to whom the document was sent;

      c.    specifies the date on which the document was prepared or transmitted; and

      d.    specifies the date on which the document was lost, destroyed or made unavailable, and, if destroyed, the reason for such destruction and/or the persons requesting and/or performing such destruction.

9.    If Plaintiff objects to any request below or any part thereof, Plaintiff shall identify the request or part thereof to which Plaintiff objects, state with specificity all grounds for the objection and respond to any portion of the request to which Plaintiff does not object.

10.    If Plaintiff objects to any request below on the grounds that the request is ambiguous, vague, overbroad or unduly burdensome, Plaintiff shall produce documents responsive to that request as understood or narrowed to the least extent necessary, in Plaintiff's judgment, to render that request not overbroad or unduly burdensome, and Plaintiff shall state specifically Plaintiff's understanding of that request and/or the extent to which Plaintiff has narrowed that request for purposes of Plaintiff's response.

3

11.     This document request is continuing in nature.   Pursuant to Rule 26(e) of the Federal Rules, Plaintiff is required promptly to supplement or correct any response to these requests and any production made pursuant to these requests if Plaintiff learns that the response or production is in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the Oppenheimer Defendants during the discovery process or in writing.

12.     The Oppenheimer Defendants reserve the right to amend, supplement and/or modify these document requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All Documents produced by you in the ███ Action.  This request is ongoing and required to be supplemented immediately upon production of documents in the ███ Action.

### REQUEST NO. 2:

All Interrogatory responses provided by you in the ███ Action.  This request is ongoing and required to be supplemented immediately upon responding to interrogatories in the ███ Action.

### REQUEST NO. 3:

All responses to Requests for Admission provided by you in the ███ Action.  This request is ongoing and required to be supplemented immediately upon responding to requests for admission in the ███ Action.

**<u>REQUEST NO. 4:</u>**

Transcripts of all depositions taken in the ▮ Action.  This request is ongoing and required to be supplemented immediately upon receipt of deposition transcripts in the ▮ Action.

**<u>REQUEST NO. 5:</u>**

All documents that relate to the allegations against you in the ▮ complaint.

**<u>REQUEST NO. 6:</u>**

All documents concerning any trading in securities conducted by you on your own behalf, or on behalf of a family member, friend or acquaintance, from January 1, 2010 through December 31, 2013.

**<u>REQUEST NO. 7:</u>**

All documents reflecting any profit or financial benefit received by you or any family member, friend or acquaintance on whose behalf you traded securities, from January 1, 2010 through December 31, 2013.

Dated: September 23, 2014

BINGHAM MCCUTCHEN LLP


_Michael D. Blanchard /ccu_

Michael D. Blanchard
Christopher M. Wasil
One State Street
Hartford, CT  06103
(860) 240-2700
michael.blanchard@bingham.com
christopher.wasil@bingham.com

Colleen J. O'Loughlin
399 Park Avenue
New York, NY 10022
(212) 705-7000
colleen.oloughlin@bingham.com

*Attorneys for Defendants Oppenheimer Asset Management, Inc., Oppenheimer & Co., Inc. and John T. McGuire*

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE,

               Plaintiff,

      vs.

OPPENHEIMER ASSET MANAGEMENT,
INC., OPPENHEIMER & CO., INC., BRIAN
WILLIAMSON and JOHN T. McGUIRE,

           Defendants.

Case Number:
1:14-cv-00779-VEC

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## THE OPPENHEIMER DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.3 of the

Local Rules for the United States District Court for the Southern District of New York, Plaintiff

John Doe ("Plaintiff"), hereby objects and otherwise responds to The Oppenheimer Defendants'

First Set of Interrogatories (the "Requests") as follows:

### GENERAL STATEMENT

1.      Plaintiff has not completed an investigation of all of the facts relating to this case,

has not completed discovery in this action, and has not completed preparation for trial. The

information provided in response to the Requests is without prejudice to Plaintiff's rights to

provide further information that is later discovered.  Plaintiff's responses to the Requests are

made based on Plaintiff's present information and belief based upon information and writings

presently available to and located by Plaintiff and his counsel.  Accordingly, Plaintiff reserves

the right to supplement, amend or withdraw any responses and/or objections to the Requests as

necessary and appropriate based upon future information.  Plaintiff also reserves the right to

produce or use information produced and/or discovered after service of this response in support of or in opposition to any motion, in depositions, or at trial.

2.      In responding to the Requests, Plaintiff does so without waiver or prejudice to any rights, at a later time, and to object, on any grounds, to (i) any further demand or discovery involving or relating to matters raised in the Requests, or (ii) relevance, materiality, or admissibility of any responses provided pursuant to the Requests.

3.      No information covered by any privilege or protection shall be intentionally disclosed. In the event that any privileged information is disclosed by Plaintiff, its disclosure is inadvertent and does not constitute a waiver of any privilege or protection from disclosure.

## <u>APPLICATION OF LOCAL RULE 33.3</u>

4.      Plaintiff's responses to the Requests will be in accordance with Rule 33.3 of the Local Rules for the United States District for the Southern District of New York ("Local Rules"), which provides that:

(a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

(b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

## OBJECTIONS AND RESPONSES TO THE REQUESTS

### REQUEST NO. 1:

Identify the date on which you first learned "the valuation methodology for the OGR Fund's Holdings in Cartesian/Fondul was fraudulently changed in order to facilitate the marketing of the Fund to new investors" as alleged in paragraph 32 of the Amended Complaint and the circumstances by which you obtained such knowledge. This Interrogatory is not limited as to time period.

### RESPONSE TO REQUEST NO. 1:

Plaintiff objects to this request as it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories. Plaintiff further objects that the phrase "first learned" is vague and ambiguous as to whether the request is seeking the date on which Plaintiff first became suspicious regarding the valuation method, the date on which he first confirmed that the valuation methodology was fraudulent, or some other date.

### REQUEST NO. 2:

Identify by full name, present or last known residential or business address, telephone number, and email address, all individuals at OAM or OPCO to whom you allegedly reported information and/or concerns about the purportedly improper valuation of Cartesian/Fondul as pled in the Amended Complaint. For each individual, include: (1) the date on which you first reported the information or concerns to that individual, (2) the means by which you reported such information (i.e., email, in person meeting, etc.), and (3) a brief description of the communication. This Interrogatory is not limited as to time period.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

Subject to and without waiving any objections, Plaintiff identifies the following Oppenheimer employees with whom Plaintiff reported and/or discussed the improper valuation of Cartesian/Fondul, and their last known address and telephone number:

Brian Williamson
ROC Resources LLP
17 Hulllfish Street, Ste. 201
Princeton, NJ 08542
609-423-1280

John T. McGuire
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Albert Lowenthal
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Dennis McNamara
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Bryan McKigney
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Stephen Beach
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Vineet Bhalla
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Thomas Robinson
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Joon-Young Choi
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Natalie Zar
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Jason Caretsky
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Eugene Lewis
Oppenheimer
85 Broad Street
New York, NY 10004
212-668-8000

Daniel Galinko
StepStone Group
505 Fifth Avenue, 17th Floor
New York, NY 10017
212-351-6100

**REQUEST NO. 3:**

Provide the date on which you first reported information and/or concerns about the purportedly improper valuation of Cartesian/Fondul to the SEC Office of the Whistleblower, and to the Massachusetts Attorney General, and identify and describe all meetings with offices of the SEC and/or Massachusetts Attorney General, including identifying the individual or individuals with whom you spoke, including full name, present or last known residential or business address, telephone number, and email address, and the dates and a brief description of all such meetings and/or conversations. This Interrogatory is not limited as to time period.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

Subject to and without waiving any objections, Plaintiff identifies the following officials from the U.S. Securities and Exchange Commission ("SEC" or the "Commission") and the Massachusetts Attorney General's Office with whom he reported and/or discussed the improper valuation of Cartesian/Fondul, and their last known address and telephone number:

Panayiota K. Bougiamas
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-6000

Igor Rozenblit
U.S. Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-6000

Tiffany Bartz
Massachusetts Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200

Glen Kaplan
Massachusetts Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200

## REQUEST NO. 4:

State whether you have been granted any monetary award by any governmental body for your purported whistleblowing activities described in the Amended Complaint, the reasons given by each governmental body for granting or denying any such award, and if granted, the amount of any such award/s. This Interrogatory is not limited as to time period.

## RESPONSE TO REQUEST NO. 4:

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

Subject to and without waiving any objections, Plaintiff responds by referring the Oppenheimer Defendants to the SEC's Order Determining [John Doe's] Whistleblower Award Claim and Staff Determination Letter which was sent to Defense counsel by email attachment on June 4, 2014.   In addition, Plaintiff's counsel was informed on August 21, 2014 that the Securities and Exchange Commission had determined that an additional $3,750.00 would be provided to Plaintiff as a supplemental payment.   Plaintiff further responds by referring the Oppenheimer Defendants to 17 CFR 240.21F-3-6, which explains the criteria by which the Commission evaluates whistleblower claims and makes decisions on whistleblower awards.

## REQUEST NO. 5:

List all transactions you have directed on behalf of yourself or any personal friends or family, including Redacted (i.e., persons other than Oppenheimer clients), involving Triangle Petroleum, North American Palladium, ENRJ and Molycorp. For each transaction, include the date of the transaction, the number of shares purchased or sold, the total dollar amount involved, and if the transaction was executed on behalf of someone other than yourself, the identity of such person. This Interrogatory is not limited as to time period.

## RESPONSE TO REQUEST NO 5:

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.  Plaintiff further objects that the terms "directed" and "personal friends" are vague and ambiguous. Finally, Plaintiff objects that

the information sought by this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 6:**

Describe your efforts to obtain employment since you declined to return to work at OAM or OPCO as alleged in paragraph 49 of the Amended Complaint, including all applications for employment, the date of such application, the name of the employer, job title, and amount of compensation and if employed, the name of the employer, job title, term of employment, and amount of compensation.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories (and, indeed, Plaintiff has agreed to produce similar information in response to document requests).  In addition, Plaintiff objects to this Request on the grounds that it seeks information that could lead to third-party discovery which would reveal the Plaintiff's identity to his past, current and/or prospective employers, in violation of the Court's Order Allowing Plaintiff to Proceed Under a Pseudonym [Dkt. No. 5]. Plaintiff alerted the Oppenheimer Defendants to this concern by letter dated September 10, 2014. On September 23, 2014, the Oppenheimer Defendants responded, stating that "the Oppenheimer Defendants fully intent to propound discovery upon Plaintiff's past and present employers[.]"

**REQUEST NO. 7:**

Identify the date you became aware that Brian Williamson planned to leave OAM to form ROC Resources.

**RESPONSE TO REQUEST NO 7:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

**REQUEST NO. 8:**

Describe how you were "harassed" or otherwise retaliated against as alleged in the Amended Complaint including, identifying all persons who purportedly harassed you, the date of such harassment and the circumstances of same.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

Subject to and without waiving any objections, or the right to supplement this response in the future, Plaintiff identifies the following Oppenheimer employees who harassed and/or otherwise retaliated against him for reporting illegal activity with regards to the Oppenheimer Global Resources Private Equity Fund:

Brian Williamson                    John T. McGuire
ROC Resources LLP                   Oppenheimer
17 Hulllfish Street, Ste. 201       85 Broad Street
Princeton, NJ 08542                 New York, NY 10004
609-423-1280                        212-668-8000

**REQUEST NO. 9:**

Identify the reasons why "the position offered to DOE, however was not an offer of reinstatement as it amounted to a back office position entirely unrelated to his experience, skills and career track" and why the position was "inadequate" as alleged in paragraph 49 of the Amended Complaint.

**RESPONSE TO REQUEST NO 9:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.

**REQUEST NO. 10:**

Identify each person you intend to call as a witness at trial, and for each, provide a general description of the testimony you expect the witness to provide, and identify all documents relating thereto. This Interrogatory is not limited as to time period.

**RESPONSE TO REQUEST NO 10:**

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings to "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." *See also Maltezos v. AT&T Corp.*, 1999 U.S. Dist. LEXIS 93, at *1-2 (S.D.N.Y. Jan. 5, 1999) ("[T]hose interrogatories that call for the identification of fact … witnesses … are premature: fact witnesses (and the documents such witnesses will rely on) need not be identified until the completion of discovery.").

## REQUEST NO. 11:

Identify each expert witness you expect to call at trial, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each such opinion. This Interrogatory is not limited as to time period.

## RESPONSE TO REQUEST NO 11:

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  Plaintiff further objects to this Request because it is inconsistent with the scheduling order agreed to by the parties (Dkt. No. 23), which provides that "Disclosure of expert testimony, if any, will be made at least 45 days before the first day of the agreed to trial month." *See also Strauss v. Credit Lyonnais*, S.A., 242 F.R.D. 199,

233 (E.D.N.Y. 2007) (denying motion seeking to compel plaintiff to identify expert witnesses before court-established date for expert disclosures).

## REQUEST NO. 12:

Identify each person or document you or your counsel consulted, referred to, or relied upon in preparing answers to these interrogatories. This Interrogatory is not limited as to time period.

## RESPONSE TO REQUEST NO. 12:

Plaintiff objects to this request because it inappropriately calls for the disclosure of attorney work product.  *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 232 (E.D.N.Y. 2007) ("Credit Lyonnais's motion to compel a response … is denied because it seeks information regarding individuals who assisted plaintiffs' counsel with the preparation of their interrogatory responses, which is protected work product.").

## REQUEST NO. 13:

Identify and describe your criminal record, including any arrests, charges against you, indictments, lawsuits, and or regulatory or state investigations into your conduct.

## RESPONSE TO REQUEST NO. 13:

Plaintiff objects to this request to the extent that it is premature under Local Rule 33.3(a) and (c) which limits interrogatory requests at this stage of the proceedings "those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff further objects to this Request pursuant to Local Rule 33(b) because a request for production or a deposition is a more practical method of obtaining the information sought than interrogatories.   Finally, Plaintiff objects to this request because it is abusive and harassing, and not reasonably calculated to lead to the discovery

12

of admissible evidence.

Subject to and without waiving any objections, Plaintiff responds by referring the Oppenheimer Defendants to Plaintiff's employment file, which presumably contains the results of the Plaintiff's background check, which would have been conducted by Oppenheimer in accordance with its policies for new-employee screening.  *See e.g.*, Oppenheimer & Co. Inc.'s Employee Handbook Policy on Background Checks, [OCI0000008-09] and John Doe's Authorization and Release for Background Check [Bates No. OCI0000059].

Dated: September 25, 2014                              Respectfully submitted,

                                        ___*/s/ Mark A. Delaney*_____
                                        Mark A. Delaney
                                        Jason M. Leviton
Joel A. Fleming
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 1303
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile:  (617) 507-6020
Jason@blockesq.com
Mark@blockesq.com
Joel@blockesq.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
Gregory M. Nespole
Benjamin Y. Kaufman
Daniel Tepper
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
nespole@whafh.com
kaufman@whafh.com
tepper@whafh.com

*Attorneys for Plaintiff John Doe*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Responses and Objections to the Oppenheimer Defendants' First Set of Interrogatories, along with client verification, were served, by email, upon all counsel of record, this 25th day of September 2014.


*/s/ Mark A. Delaney*
Mark A. Delaney

I, Redacted , am informed and believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Redacted

Executed on September 24, 2014

Redacted

# EXHIBIT D

**Omitted pursuant to Pseudonym Order**

# EXHIBIT E

**BINGHAM**

Colleen J. O'Loughlin
Direct Phone:  +1.212.705.7304
Direct Fax:     +1.212.593.8924
colleen.oloughlin@bingham.com

August 8, 2014

**BY EMAIL**

Mark A. Delaney, Esq.
Block & Leviton LLP
155 Federal Street, Suite 1303
Boston, MA 02110

Re:     *Doe v. Oppenheimer Asset Management, Inc. et al.*, No. 1:14-cv-00779

Dear Mark:

We represent Oppenheimer Asset Management, Inc., Oppenheimer & Co., Inc., and John T. McGuire (the "Oppenheimer Defendants") in the above-referenced action and write in response to your letter, dated August 1, 2014, regarding Plaintiff's First Set of Document Requests (the "Requests").

As a threshold matter, on July 23, 2014, the Court granted Plaintiff leave to amend the complaint in light of the arguments made by the Oppenheimer Defendants in their motion to dismiss.  Plaintiff has represented that he intends to amend the complaint, but has not specified how.  As a result, it is difficult to ascertain which claims Plaintiff will continue to press and whether certain related document requests are now moot.  For example, in the motion to dismiss, Defendants have argued that the claim against John McGuire must be dismissed as a matter of law because there is no basis for individual liability under the Dodd Frank Act.  Thus, any request for documents related to that claim is improper. The same is true for any request relating to a purported employment contract. There was no such contract as a matter of New York law.

Notwithstanding the above, in an effort to proceed with discovery as scheduled, the Oppenheimer Defendants respond to the points raised in your August 1 letter and reserve their rights to supplement their objections and responses to Plaintiff's Requests once an amended complaint is filed.

A.     **Background**

Plaintiff served the Requests on March 19, 2014 and as the Oppenheimer Defendants noted at the time, the Requests were served prematurely in violation of Federal Rule 26(d).  While Plaintiff disagreed, ultimately the parties decided

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY
10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/76265558.1

August 8, 2014
Page 2

that the Oppenheimer Defendants would serve their objections and responses after Rule 26(f) discussions were complete on May 16, with a rolling production to follow shortly thereafter. *See* Email Correspondence attached as Exhibit A.

Consistent with this agreement, the Oppenheimer Defendants served their Objections and Responses to the Requests on May 16. Shortly thereafter, the Oppenheimer Defendants produced documents responsive to Requests 1-4, 8, 9, and 18. The Oppenheimer Defendants also identified proposed custodians of electronically stored information in their ESI Disclosure on June 11.[1]

In the parties' last email correspondence regarding the Oppenheimer Defendants' production of documents referenced in your letter, Mr. Leviton stated that the parties "should schedule a meet and confer on defendants' document responses." *See* Email Correspondence attached as Exhibit B. Because Mr. Leviton failed to identify any particular issues for the proposed meet and confer, we requested a letter regarding the items he wanted to discuss on June 16. We did not receive anything in response until your letter on August 1.

The Oppenheimer Defendants have undertaken a diligent search for responsive documents and will be producing additional documents responsive to Requests 20, 21, 23, 24, 31 and 32 next week. We also have compiled a list of proposed search terms for email searches, which we will be circulating next week as well.

## B.      Requests 1, 4, 7-9, 18-24, and 27-32

In your letter, you assert that the Oppenheimer Defendants have raised "boilerplate objections" in response to Requests 1, 4, 7-9, 18-24, and 27-32. You further claim that where the Oppenheimer Defendants have objected to a Request and then agreed to produce documents responsive to the non-objectionable portion, the objection is waived.

As an initial matter, your arguments are rather difficult to understand given that the Oppenheimer Defendants have agreed to produce documents in response to <u>all</u> of the foregoing Requests and have already produced documents in response to Requests 1-4, 8, 9, and 18. You also have not identified how the Oppenheimer Defendants' agreement to produce documents in response to these Requests is deficient in any way. Should Plaintiff take issue with a particular response, we are available to further meet and confer on those concerns.

---

[1] Despite having proposed the ESI Disclosure and insisting on its necessity, Plaintiff served his ESI Disclosure after the deadline on June 11 and never requested an extension of time.

August 8, 2014
Page 3

Turning to your arguments regarding the objections to the above Requests, they are not "boilerplate" or waived.  In each response, the Oppenheimer Defendants explained why the Requests were objectionable as shown by the following examples:

- In response to Requests 4, 8, 9, and 18, the Oppenheimer Defendants explained that these Requests were cumulative and duplicative of Request 1, where the Oppenheimer Defendants agreed to, and did, produce documents.  Requests for cumulative or duplicative information are improper under Rule 26(b)(2)(C)(i).

- With respect to Request 7, which calls for "[d]ocuments sufficient to identify all persons and entities with supervisory authority over Plaintiff," the Oppenheimer Defendants asserted that such Request was more appropriately the subject of an interrogatory.

- Regarding Request 18, which seeks information regarding any investigation of Plaintiff for a violation of law, the Oppenheimer Defendants objected on the grounds that the Request, on its face, required the production of documents protected by the attorney-client privilege and/or work product protection.

Moreover, almost all of these Requests call for "all documents" concerning a particular subject matter.  *See* Requests 1, 4, 9, 18-21, 23-24, 27-32.  Such types of requests have been rejected as "objectionable on their face" for being "inherently overbroad."  *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068, 2014 WL 518234, at *4-5 (S.D.N.Y. Feb. 14, 2014).  In each of these instances, the Oppenheimer Defendants objected to the Request and provided a reasonable narrowed response.  Local Rule 26.4(b).

Finally, contrary to the position stated in your letter, the Oppenheimer Defendants have not waived their objections in connection with the above Requests.  Indeed, in the Southern District of New York, a party "traditionally . . . produces [documents] responsive to the request, subject to any objections."  *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2014 WL 716521, at *1 (S.D.N.Y. Feb. 18, 2014).  You have not provided any applicable authority in this district holding otherwise.

August 8, 2014
Page 4

### C.      Requests 5-6, 10-17, and 25-26

With respect to Requests 5-6, 10-17 and 25-26, the Oppenheimer Defendants have refused to produce documents because, as explained in their responses, each of these Requests "calls for information not reasonably calculated to lead to the discovery of admissible evidence concerning Plaintiff's retaliation theory and related claims alleged in the Complaint." In your letter, you assert that the relevance objections "border upon frivolity" and explain why the information is required in a chart. But your reasons only underscore why the Requests are improper.

In the initial complaint, Plaintiff alleged that he was retaliated against for reporting certain misconduct under the Dodd Frank Act's whistleblower protection provision, 15 U.S.C. § 78u-6(h). To prevail on such a claim, however, the statute does not require proof that the activity reported ultimately amounted to a securities law violation, or that the report was made in good faith. Despite the absence of any such requirements in the statute, Requests 12-17 broadly seek information regarding the underlying purported violation and information produced to regulators regarding the same. Because this information is not required to establish any of the claims asserted in the initial complaint, the Requests are nothing more than an impermissible fishing expedition. *See, e.g.*, *Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 441 (S.D.N.Y. 2013) (denying in part plaintiff's motion to compel where documents requested were "not independently relevant to any of Plaintiff's claims or Defendant's defenses"); *Bridges v. Eastman Kodak Co.*, 850 F. Supp. 216, 223 (S.D.N.Y. 1994) (a party "may not engage in a fishing expedition by inquiring into matters totally irrelevant to the issue").

Requests 5-6, 10-12 and 25-26 similarly call for information that has no bearing on the proof required to establish Plaintiff's claims. With respect to Requests 5-6, any relevant bonus information relates to Plaintiff's own compensation and not that of any other employee. The relevant information regarding Plaintiff's bonus already has been produced in response to Request 1. Moreover, given the Court's recent Order, it is unlikely Plaintiff will be able to cure his pleading deficiencies with respect to his implied contract claim.

Requests 10 and 11 concerning the organizational structure and relationships of the Oppenheimer Defendants also seek irrelevant information. In your letter, you state that these Requests are necessary to identify Plaintiff's employer, yet the Requests do not even ask for that information. The Oppenheimer Defendants have agreed to provide information to identify Plaintiff's employer in response to Request 7 and, therefore, the relevant inquiry will be satisfied.

August 8, 2014
Page 5

Finally, as drafted, Requests 25 and 26 regarding "all" of Plaintiffs' communications with John McGuire, the Deputy General Counsel of Oppenheimer & Co. Inc., without any further limitations are "inherently overbroad" for the same reasons set forth above in Section B.  Indeed, none of the purported "obvious areas of relevance" are stated or discernable on the face of the Requests.

**D.      Time Period**

As set forth above, Plaintiff's claims all relate to his termination from employment and an alleged retaliation theory.  In the initial complaint, Plaintiff alleged that he first "voiced his concerns" regarding purported misconduct in April 2011 and that he was terminated in May 2011.  Compl. ¶¶ 38, 40.  Plaintiff then alleges additional purported retaliatory action ultimately resulting in his choice to abandon employment in July, 2011.  *Id.* ¶ 45.  Based on the allegations in the initial complaint, the information relevant to Plaintiff's claims falls in and around that time period.  March 1, 2011 through September 30, 2011 is a more than sufficient time period to capture information relevant to Plaintiff's claims.

Nevertheless, the Oppenheimer Defendants recognize that certain exceptions to the above time period are necessary.  For example, the Oppenheimer Defendants agreed to produce Plaintiff's entire personnel file.

The Oppenheimer Defendants remain amenable to negotiating reasonable exceptions with Plaintiff on particular issues where appropriate.

**E.      Requests 2, 3, and 18**

In your letter, you also request clarification on whether the Oppenheimer Defendants intend to produce documents responsive to Requests 2, 3, and 18.  As set forth in the Oppenheimer Defendants' Objections and responses, those Requests are duplicative of other Requests where the Oppenheimer Defendants have agreed to produce documents.  Accordingly, the Oppenheimer Defendants will provide the information in response to Request 1.

**F.      Privilege Log**

The Oppenheimer Defendants will deliver a privilege log consistent with Local Rule 26.2(c) at the conclusion of their document production.

August 8, 2014
Page 6

\*     \*     \*

We are available to discuss the above as well as any other discovery issues over the course of the next week in the interest of resolving these disputes and to avoid burdening the Court.  Please contact me at the above number to schedule a meet and confer.

Sincerely,

Colleen J. O'Loughlin

EXHIBIT A

**Wasil, Christopher M.**

**Subject:**     FW: Doe v. Oppenheimer -  Plaintiff's First Set of Document Requests

-----Original Message-----
From: Jason Leviton [mailto:jason@blockesq.com]
Sent: Friday, April 18, 2014 3:36 PM
To: O'Loughlin, Colleen J.; Mark Delaney
Cc: 'Doluisio, Michael' (michael.doluisio@dechert.com); Foster, Owen (owen.foster@dechert.com); Blanchard, Michael D.; Wasil, Christopher M.; Nespole, Gregory (nespole@whafh.com)
Subject: RE: Doe v. Oppenheimer - Plaintiff's First Set of Document Requests

Colleen,

We will not object to your request for an extension of time to respond to our discovery requests, assuming your agreement to begin the rolling production that day or shortly thereafter (as is noted below).  Also, pursuant to my conversation with Mike, I have amended the 26(f) report.  It should be noted that while these dates and issues were discussed, Mike made clear that not all counsel had signed off.  Therefore, please let me know if anyone has any additional edits or comments.  Also, I still haven't received any edits/comments on the ESI stipulation or Protective Order.  So, please send those along as well. I am hopeful that these documents can be filed next week.  Thank you.

Jason

-----Original Message-----
From: O'Loughlin, Colleen J. [mailto:Colleen.OLoughlin@bingham.com]
Sent: Friday, April 18, 2014 12:53 PM
To: Jason Leviton; Mark Delaney
Cc: 'Doluisio, Michael' (michael.doluisio@dechert.com); Foster, Owen (owen.foster@dechert.com); Blanchard, Michael D.; Wasil, Christopher M.; Nespole, Gregory (nespole@whafh.com)
Subject: Re: Doe v. Oppenheimer - Plaintiff's First Set of Document Requests

Jason,

I just wanted to follow up on my email below, can we agree on May 16th?

Thanks,
Colleen

On Apr 16, 2014, at 5:34 PM, "O'Loughlin, Colleen J."
<Colleen.OLoughlin@bingham.com<mailto:Colleen.OLoughlin@bingham.com>> wrote:

Jason,

In an effort to resolve our disagreement on this point, we propose that we would provide our responses and objections on May 16th and begin producing documents on a rolling basis on that date or shortly thereafter.  Had the requests been properly served as contemplated by Rule 26, May 16th is within 30 days from when the Requests could have been served based on the conference date.  Please let us know if you will agree to the 16th as the response due date.  Owen Foster will be providing our comments to the schedule.

Regards,
Colleen

B I N G H A M
Colleen J. O'Loughlin | Counsel
399 Park Avenue | New York, NY 10022-4689 T 212.705.7304 | F 212.593.8924

From: Jason Leviton [mailto:jason@blocksq.com]
Sent: Tuesday, April 15, 2014 5:01 PM
To: O'Loughlin, Colleen J.; Mark Delaney
Cc: 'Doluisio, Michael' (michael.doluisio@dechert.com<mailto:michael.doluisio@dechert.com>); Foster, Owen
(owen.foster@dechert.com<mailto:owen.foster@dechert.com>); Blanchard, Michael D.; Wasil, Christopher M.; Nespole, Gregory
(nespole@whafh.com<mailto:nespole@whafh.com>)
Subject: RE: Doe v. Oppenheimer - Plaintiff's First Set of Document Requests

Colleen,

Per my previous email, we disagree with your conclusion that the requests were served prematurely.  That said, in order to consider
your proposal, are you requesting an extension to simply serve your objections and responses or do you plan on starting your
production on May 16th as well?  Also, are you planning on responding to our most recent proposed schedule in the next couple of
days?  As you know, the Court has ordered an extremely tight schedule for this case and we are concerned about falling
behind.  Please let me know.  Thank you.

Best regards,
Jason

From: O'Loughlin, Colleen J. [mailto:Colleen.OLoughlin@bingham.com]
Sent: Tuesday, April 15, 2014 3:00 PM
To: Jason Leviton; Mark Delaney
Cc: 'Doluisio, Michael' (michael.doluisio@dechert.com<mailto:michael.doluisio@dechert.com>); Foster, Owen
(owen.foster@dechert.com<mailto:owen.foster@dechert.com>); Blanchard, Michael D.; Wasil, Christopher M.
Subject: Doe v. Oppenheimer - Plaintiff's First Set of Document Requests


Jason and Mark,



We write in connection with Plaintiff's First Set of Document Requests (the "Requests") served by your firm on March 19, 2014.  As
we noted when we received them, the Requests were served prematurely and, therefore, are improper under Federal Rule 26(d).  In an
effort to resolve this issue and avoid Plaintiff needing to re-serve the Requests once our 26(f) discussions are complete, Defendants
have conferred and propose May 16, 2014 as the date by which they will serve their response and objections.  Please let us know if
you agree.



Regards,

Colleen


B I N G H A M
Colleen J. O'Loughlin | Counsel
399 Park Avenue | New York, NY 10022-4689 T 212.705.7304 | F 212.593.8924

_____

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only
for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf
of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and
do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax
advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of
avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in

connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

EXHIBIT B

**Wasil, Christopher M.**

**Subject:**                    FW: Doe v. Oppenheimer -- Brian Williamson ESI Disclosure

**From:** "O'Loughlin, Colleen J." <Colleen.OLoughlin@bingham.com>
**Date:** June 16, 2014 at 10:20:56 PM EDT
**To:** Jason Leviton <jason@blockesq.com>
**Cc:** "Foster, Owen" <owen.foster@dechert.com>, "Doluisio, Michael" <michael.doluisio@dechert.com>,
"Nespole, Gregory (nespole@whafh.com)" <nespole@whafh.com>, "Tepper@whafh.com"
<Tepper@whafh.com>, Mark Delaney <mark@blockesq.com>, "Blanchard, Michael D."
<michael.blanchard@bingham.com>, "Wasil, Christopher M." <christopher.wasil@bingham.com>,
"Curran, Theresa L." <theresa.curran@bingham.com>
**Subject: Re: Doe v. Oppenheimer -- Brian Williamson ESI Disclosure**

Jason,


The Oppenheimer Defendants have been working on collecting relevant documents and
determining the best approach to email searches.  We have put together a list of custodians and
search terms, which we will be sending along for your review in the next day or so.  We are also
working with the client on our next non-email production and should have a better sense of that
production by the end of the week.  With respect to a meet and confer, will you be sending us a
letter regarding the items you wish to discuss?  That is the general practice in the Southern
District of New York and typically makes the meet and confer process more efficient.



Regards,

Colleen


On Jun 16, 2014, at 12:56 PM, "Jason Leviton" <jason@blockesq.com> wrote:

> Thanks, Owen.
>
> Per my email from last week, can defendants please let me know when you are planning
> a second production of documents?  Also, we should schedule a meet and confer on
> defendants' document responses.
>
> ---
>
> **From:** Foster, Owen [mailto:owen.foster@dechert.com]
> **Sent:** Monday, June 16, 2014 11:06 AM
> **To:** O'Loughlin, Colleen J.; Jason Leviton; Doluisio, Michael; Nespole, Gregory
> (nespole@whafh.com); Tepper@whafh.com; Mark Delaney
> **Cc:** Blanchard, Michael D.; Wasil, Christopher M.; Curran, Theresa L.
> **Subject:** RE: Doe v. Oppenheimer -- Brian Williamson ESI Disclosure
>
> Attached please find Defendant Brian Williamson's Disclosure pursuant to Section II of
> the ESI Protocol.

Thanks,
Owen


Owen C.J. Foster
Dechert LLP
+1 (617) 654-8612 Direct
+1 (617) 426-6567 Fax
owen.foster@dechert.com
www.dechert.com

---

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.